1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  STACEY D. SCHESSER, State Bar No. 245735
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5774
     Fax:  (415) 703-5843
8    Email:  Stacey.Schesser@doj.ca.gov

9  Attorneys for Respondent Warden Curry
   SF2008401606

10

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14

| | |
|---|---|
| 15  **SAMUEL A. DUBYAK,** | C 08-0667 JSW |
| 16                          Petitioner, | **RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE** |
| 17      v. | **MANDATE IN** *HAYWARD*; **ALTERNATIVE REQUEST FOR AN** |
| 18  **BEN CURRY, WARDEN,** | **EXTENSION OF TIME** |
| 19                          Respondent. | Judge:  The Honorable Jeffrey S. White |

20

21                        **INTRODUCTION**

22        Dubyak filed a Petition for Writ of Habeas Corpus, contending that his due process rights

23  were violated by the Board of Parole Hearings' 2006 decision finding him unsuitable for parole.

24  The Court ordered a response to the Petition.  On May 16, 2008, the Ninth Circuit granted en

25  banc review in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, __

26  F.3d __, No. 06-55392 (9th Cir. filed May 16, 2008), and oral argument is scheduled for June 24,

27  2008.  The en banc court in *Hayward* may decide whether this Court has jurisdiction over this

28  case, and the appropriate standard to be applied if there is jurisdiction.  Therefore, Respondent

1 requests a stay of this case pending the issuance of the mandate in *Hayward*. Should this Court

2 deny this request for a stay, Respondent alternatively requests an extension of time to file a

3 responsive pleading to August 6, 2008.

4                                   **ARGUMENT**

5                                        **I.**

6   **THE COURT SHOULD EXERCISE ITS DISCRETION AND STAY THIS**
    **MATTER PENDING ISSUANCE OF THE MANDATE IN *HAYWARD***
7   **BECAUSE BOTH THE BALANCE OF THE INTERESTS AND**
    **CONSIDERATIONS OF JUDICIAL ORDER AND ECONOMY FAVOR**
8   **GRANTING A STAY.**

9        A trial court has discretion to ensure the just and efficient determination of a case by staying

10 it pending the resolution of other proceedings where a stay would be "efficient for [the court's]

11 docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857,

12 863 (9th Cir. 1979). In determining whether to grant a stay, a court should consider the possible

13 damage that may result, the hardship or inequity that a party may suffer, and the orderly course of

14 justice, in terms of simplifying or complicating the issues, proof, and questions of law, that could

15 result from the issuance of a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109, 1111 (9th Cir.

16 2005). A court should also take into account the existence of similar cases that are pending in

17 the same district court, and the probability that more are likely to be filed. *Id.* Staying cases that

18 are on the forefront of an issue provides a necessary delay, allowing for resolution of the issues

19 and resulting in uniform treatment of like suits. *Id.*

20        As the resolution of *Hayward* could significantly impact this case and numerous similar

21 cases and issuing a stay would prevent unfairness and serve the interests of judicial economy, the

22 Court should exercise its discretion and stay this matter pending the issuance of the mandate in

23 *Hayward*.

24   **A.   Moving Forward with This Case Before the Finality of *Hayward* Does**
          **Not Serve the Interest of Judicial Economy.**
25

26        Granting a stay in this case serves the interests of judicial order and economy. On May 16,

27 2008, the Ninth Circuit granted rehearing en banc in *Hayward*. (Ex. 1.) At issue before the en

28 banc panel in *Hayward* are two threshold issues which are necessary to the resolution of this

Resp't's Req. for Stay Pending *Hayward*; Req. for Ext. of Time                    *Dubyak v. Curry*
                                                                                    C 08-0667 JSW

1    case:  1) whether California has created a federally protected liberty interest in parole for life

2    inmates, and 2) if a liberty interest is created, what process is due under clearly established

3    Supreme Court authority.  Resolution of these issues could establish that Petitioner does not have

4    a federally protected liberty interest in parole, potentially allowing the Court to dismiss his

5    claims for lack of jurisdiction without requiring briefing from the parties.  Moreover, it would be

6    wasteful to proceed in this case without the Ninth Circuit's holdings in these matters, as the

7    parties would need to brief issues that will be decided en banc and then submit supplemental

8    briefing to apply the law as clarified in the en banc decision.  The two rounds of pleadings may

9    unnecessarily complicate the matters raised and would impair the orderly course of justice.

10   Waiting for the resolution of *Hayward* would thus conserve Court resources, and prevent the

11   Court from having to revisit this matter if *Hayward* is modified or reversed.

12        A stay would also serve judicial order and economy by maintaining uniform treatment of

13   like suits, as once the law is settled it can be uniformly applied.  In many habeas petitions

14   challenging California parole decisions, the Ninth Circuit has sua sponte stayed submission of

15   the cases until the resolution of *Hayward*.  *See, e.g., Tolliver v. Carey*, no. 07-15347; *Boatman v.*

16   *Brown*, no. 05-16199; *Smiley v. Hernandez*, no. 06-55727; *Valdivia v. Brown*, no. 08-15650;

17   *Johnson v. Newland*, no. 04-16712; *Varner v. Brown*, no. 05-16029; *Johnson v. Finn*, no. 06-

18   17042; *Clark v. Shepherd*, no. 06-55065; *Cooke v. Solis*, no. 06-15444.

19        Granting a stay would therefore conserve judicial resources and serve the Court's interest in

20   orderly managing these proceedings.

21   **B.    A Stay Would Not Unfairly Delay Petitioner in Pursuing His Claims.**

22        A stay of this case at the district level would not unfairly impose any additional or otherwise

23   avoidable hardship on Petitioner.  As discussed above, if the parties proceed in this case

24   additional briefing will likely be needed after the decision in *Hayward*, perhaps delaying final

25   resolution.  Also, even if this Court decides this case before *Hayward*, it is likely the losing party

26   will file an appeal, and that appeal may be delayed pending resolution of *Hayward*.  (*See* Arg.

27   I.A.)

28

Resp't's Req. for Stay Pending *Hayward*; Req. for Ext. of Time                    *Dubyak v. Curry*
                                                                                   C 08-0667 JSW

**CONCLUSION**

1    When the equities are balanced, the parties' interests and the interests of judicial economy

2    support staying this case pending the final resolution of *Hayward*. Staying this case until

3    challenges to *Hayward* are resolved and that decision becomes final promotes the orderly

4    resolution of this matter, and will assist in maintaining uniformity of like suits pending before

5    this Court and similar cases that will be filed in the future. Respondent therefore requests that

6    the Court exercise its discretion to stay this matter pending issuance of the mandate in *Hayward*.

7    Alternatively, should this Court decline to issue a stay, Respondent respectfully requests an

8    extension of time to file a responsive pleading. Respondent requests that this Court grant an

9    extension of time to August 6, 2008 to file an Answer or Motion to Dismiss.

Dated: June 5, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

STACEY D. SCHESSER
Deputy Attorney General
Attorneys for Respondent

20115093.wpd
SF2008401606

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Dubyak v. Curry**

No.:   **C 08-0667 JSW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 5, 2008, I served the attached

**RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN**
*HAYWARD***; ALTERNATIVE REQUEST FOR AN EXTENSION OF TIME**

**[PROPOSED] ORDER**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Samuel Allen Dubyak, D54700**
**CTF-Central**
**P.O. Box 689**
**Soledad, CA 93960-0689**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 5, 2008, at San Francisco, California.

| L. Santos | |
|---|---|
| Declarant | Signature |

20115141.wpd